**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Noe MENDOZA–BARCENAS,
Defendant–Appellant.**

Nos. 03–40186, 03–40187, 03–40496.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 2004.

James Lee Turner, Katherine L. Haden, Assistant US Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Richard Bruce Gould, Molly E. Odom, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM.*

Noe Mendoza–Barcenas appeals his guilty-plea conviction for illegal reentry into the United States after deportation and the revocation of his supervised release and probation. He asserts that 8 U.S.C. § 1326(a)(1) and (2) are unconstitutional on their face and as applied to him. He also argues that the prior conviction that resulted in his increased sentence is an element of the offense under 8 U.S.C. § 1326(b) that should have been alleged in the indictment.

Because a challenge under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

147 L.Ed.2d 435 (2000) is not jurisdictional, Mendoza–Barcenas may not present these claims in an appeal following the revocation of supervised release. *See United States v. Longoria*, 298 F.3d 367, 372 (5th Cir.2002) (en banc); *United States v. Moody*, 277 F.3d 719, 720–21 (5th Cir. 2001); *United States v. Teran*, 98 F.3d 831, 833 n. 1 (5th Cir.1996). Regardless, Mendoza–Barcenas acknowledges that his arguments are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres*. *Apprendi*, 530 U.S. at 489–90, 496. This court must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000).

AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.